IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TELLY LOPEZ PAYNE, *aka* T,<br><br>Defendant. | CR 14–13–BU–DLC<br><br><br>ORDER |

Before the Court is Defendant Telly Lopez Payne's unopposed motion for early termination of supervised release. (Doc. 54.) The United States does not oppose. (*Id.* at 2.) United States Probation Officer Ashley Jerrell does not oppose. (*Id.*) For the reasons below, the Court grants the motion.

**Background**

On December 19, 2014, Payne was sentenced for conspiracy to distribute heroin, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (Doc. 34.) The Court sentenced Payne to 92 months of imprisonment, followed by five years of supervised release. (*Id.* at 2–3.) Payne began serving his current term of supervision on June 8, 2023. (Doc. 55 at 2.)

1

**Discussion**

Under federal law, this Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation,[1] if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

This expansive phrasing makes clear that this Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). Payne has served over a year of his 21-month term of supervised release, rendering him statutorily eligible for the premature termination of his remaining term of supervised release. Accordingly, the Court will consider the pertinent factors.

These include, but are not limited to: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct [and] to

---

[1] The Federal Rules of Criminal Procedure generally obligate this Court to hold a hearing prior to modifying the conditions of Payne's supervised release. Fed. R. Crim. P. 32.1(c). Such a hearing is not necessary, however, if Payne waives it, or if the proposed modification is favorable to him and the United States does not object. The premature termination of Payne's supervised release is obviously favorable to him and the United States does not object. Accordingly, the Court will dispose of this matter without a hearing.

protect the public from further crimes of the defendant;" (3) the applicable sentencing guidelines; (4) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a).  This Court "need not discuss every factor," but the record must sufficiently establish that the Court fulfilled its "duty to explain its sentencing decisions" which extends to the early termination of supervised release context. *Emmett*, 749 F.3d at 821.

      The Court finds that consideration of the foregoing factors supports the early termination of Payne's remaining term of supervised release.  Payne has been employed full-time for over a year and has not missed any work. (Doc. 55 at 3.)  His manager submitted a character letter to the Court in which he describes Payne as being a hard worker that goes above and beyond all of his responsibilities. (Doc. 54-1 at 1.)  Payne successfully completed an outpatient program and has also completed a six-month session of one-on-one counseling. (Doc. 55 at 4.)  Payne is certified in welding and inspecting, in structural steel, and currently has a Class A Commercial Driver's License.  (*Id.*)

      Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Payne, along with the need to promote "deterrence" and

"protect the public," the Court agrees with Payne that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Payne's Motion (Doc. 54) is GRANTED. Telly Lopez Payne's term of supervised release is TERMINATED as of the date of this Order.

DATED this 26th day of August, 2024.

_____
Dana L. Christensen, District Judge
United States District Court